JAMI L. FERRARA
California Bar No. 189109
Law Office of Jami L. Ferrara
964 Fifth Avenue, Suite 335
San Diego, California 92101
Telephone: (619) 239-4344
Facsimile: (619) 544-1429
Email: jamiferrara@msn.com

Attorney for Mr. Rivera-Chavez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE MARILYN L. HUFF)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE RIVERA-CHAVEZ,<br><br>Defendant. | Criminal No. 07CR2876-MLH<br><br>Date: November 26, 2007<br>Time: 2:00 p.m.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |

**I.**

**STATEMENT OF FACTS**

Jose Rivera-Chavez is charged in an Indictment alleging that he and his co-defendant, Miguel Ovidio Hernandez-Perez, knowingly brought three illegal aliens into the United States for commercial advantage and private financial gain and aiding and abetting, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2. He is also charged with knowingly transporting the same three illegal aliens and aiding and abetting, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II).

//

//

//

//

**II.**

**MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

Mr. Rivera-Chavez moves for the production of the following discovery. This request includes discovery of which the government attorney knows, and discovery of which the government attorney may become aware through the exercise of due diligence. See Fed. R. Crim. P. 16. Some discovery has already been provided to counsel for Mr. Rivera-Chavez.

(1) The Defendant's Statements. The defendant requests disclosure of all copies of any written or recorded statement made by him, any written record containing the substance of any oral statements made by him and any written summaries of his oral statements contained in the handwritten notes of the government agent, any response to any Miranda warnings which may have been given to him, any response by him to interrogation, as well as any other statements by him. Fed. R. Crim. P. 16(a)(1)(A).

(2) Arrest Reports, Notes and Dispatch Tapes. The defendant also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts, or other documents which contain statements of the defendant or any other discoverable material. Fed. R. Crim. P. 16(a)(1)(A); Brady v. Maryland, 373 U.S. 83 (1963). The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. Fed. R. Crim. P. 16(a)(1)(B) and (C); Fed. R. Crim. P. 26.2 and 12(i).

(3) The Defendant's Prior Record. The defendant requests disclosure of his prior record. Fed. R. Crim. P. 16(a)(1)(B).

(4) Evidence Seized. The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(C).

(5) Tangible Objects. The defendant requests the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including

photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case or were obtained from or belong to him. Fed. R. Crim. P. 16(a)(1)(C).

(6) Request for Preservation of Evidence. The defendant specifically requests the preservation of all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, and any other evidence seized from the defendant or any other party.

(7) Reports Of Examinations And Tests. The defendant requests the opportunity to inspect and copy any reports of physical and mental examinations and any scientific tests which are material to the preparation of the defense or intended for use in the government's case. Fed. R. Crim. P. 16(a)(1)(D).

(8) Expert Witnesses. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case. Fed. R. Crim. P. 16(a)(1)(E). Mr. Rivera-Chavez requests that the Court order disclosure of this discovery at least four weeks prior to trial in order to investigate it, to prepare in limine motions in a timely manner, and to prepare adequately for trial.

(9) Brady Material. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt, which affects the credibility of the government's case, or which may result in a lower sentence under the United States Sentencing Guidelines. Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(10) Giglio Information. The defendant requests all statements and/or promises, express or implied, made to any government witnesses in exchange for their

//

testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses. Giglio v. United States, 405 U.S. 150 (1972).

(11) Henthorn Material. The defendant requests that the government examine the personnel files of all government agents in this action for Brady material. United States v. Herring, 83 F.3d 1120 (9th Cir. 1996).

(12) Informants and Cooperating Witnesses. The defendant requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Rivera-Chavez. Roviaro v. United States, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant. Brady v. Maryland, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. Id. Mr. Rivera-Chavez submits further authority on this issue infra.

(13) Jencks Act Material. The defendant requests production at least four weeks in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material. Disclosure of this discovery at least three weeks prior to trial will also enable Mr. Rivera-Chavez to prepare in limine motions in a timely manner, and to prepare adequately for trial.

(14) Any Proposed 404(b) Evidence. The defendant requests prior notice of any other acts that the government intends to introduce in its case-in-chief, through impeachment, or in its rebuttal case. Fed. R. Crim. P. 16(a)(1)(C); Fed. R. Evid. 404(b) and 609(b); United States v. Vega, 188 F.3d 1150 (9th Cir. 1999). Mr. Rivera-Chavez requests that the Court order disclosure of this discovery at least four weeks prior to trial in order to investigate it, to prepare in limine motions in a timely manner, and to prepare adequately for trial.

//

## III.

## REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

Mr. Rivera-Chavez and defense counsel have received some discovery in this case as of the date of filing these motions. As information surfaces due to the government providing discovery in response to these motions or an order of this Court, the defense will file further motions. Therefore, defense counsel requests the opportunity to file further motions.

## IV.

## CONCLUSION

For the reasons stated above, Mr. Rivera-Chavez respectfully requests that the Court grant his motions, and accord such other relief as seems just.

Respectfully submitted,

*S/Jami L. Ferrara*

Dated: November 12, 2007

JAMI L. FERRARA
Attorney for Mr. Rivera-Chavez